IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JAMES R. AMOS, )
)
       Plaintiff, )
)
vs. ) No. 05-3465-CV-S-SOW-SSA
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
       Defendant. )

ORDER

      Before the Court is defendant's Motion to Dismiss (Doc. # 3) and plaintiff's response. For the reasons stated below, defendant's motion is granted.

      In this action, plaintiff is seeking judicial review of the dismissal of his applications for disability insurance benefits under Title II of the Social Security Act (the Act) and supplemental security income application under Title XVI of the Act.

      Based on the issues in this case, it is useful to set forth the procedural history. On June 29, 2004, a Notice of Disapproved Claims was sent to plaintiff and plaintiff's attorney. The notice stated that plaintiff had the right to request a hearing within 60 days. Plaintiff failed to make a request within 60 days. Plaintiff filed a request for hearing on January 4, 2005, with a statement alleging good cause for his late filing. On February 24, 2005, an administrative law judge (ALJ) determined that good cause had not been established and issued a Notice of Dismissal. On March 23, 2005, plaintiff filed a request for review of the dismissal with the Appeals Council of the SSA. On August 2, 2005, the Appeals Council issued a notice denying plaintiff's request for review. On September 30, 2005, plaintiff filed the above-captioned civil

action in the United States District Court for the Western District of Missouri.

Defendant moves for dismissal of this case on the grounds that this Court lacks subject matter jurisdiction. Specifically, defendant Commissioner contends that plaintiff has failed to exhaust administrative appeal remedies with respect to his applications and therefore plaintiff has not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g). This Court agrees.

42 U.S.C. § 405(g) authorizes judicial review of a "final decision of the Commissioner of Social Security made after a hearing." Section 205(g) of the Act states that

> [a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days....

Accordingly, judicial review is limited to the final decision of the secretary made after a *hearing*. No such hearing was afforded in this case.

The regulations, in turn, provide that a claimant must complete an administrative review process to obtain a judicially reviewable final decision. See 20 C.F.R. §§ 404.900(a), 416.1400(a). It is a "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). In this case, because plaintiff did not exhaust administrative appeals remedies, he did not obtain a judicially reviewable "final decision." Plaintiff never had a hearing before the ALJ, nor did the Appeals Council deny plaintiff's appeal. The dismissal of a request for a hearing may be vacated by the ALJ or the Appeals Council. 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3). If the ALJ or the Appeals Council does not vacate the dismissal of a hearing request as untimely, the dismissal

is binding and not reviewable by this Court.  See Hilmes v. Secretary of Health and Human Services, 983 F.2d 67, 69-70 (6th Cir. 1992).  Accordingly, this Court lacks subject matter jurisdiction.

In plaintiff's brief, he argues that his procedural due process rights have been violated.  The United States Supreme Court has noted that constitutional questions are unsuited to administrative proceedings and federal question jurisdiction would exist in the federal forum, regardless of the decisions made by the ALJ or the Appeals Council.  See Califano v. Sanders, 430 U.S. 99, 109 (1977).  Plaintiff's procedural due process argument must fail.  Plaintiff's procedural due process right to a hearing were not denied in this case.  Plaintiff was afforded full opportunity, 60 days in this case, to request a hearing before an ALJ.  Plaintiff failed to timely do so and good cause for his untimeliness was not established.

Accordingly, it is hereby

ORDERED that defendant's Motion to Dismiss (Doc. # 3) is granted.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 12-15-2005

3

Case 6:05-cv-03465-SOW   Document 6   Filed 12/15/05   Page 3 of 3